892 F.2d 1042
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary O. WARREN, Defendant-Appellant.
 No. 89-5566.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 30, 1989.
Decided: Dec. 21, 1989.
 
 Paul H. Zukerberg, on brief, for appellant.
 Henry E. Hudson, United States Attorney, Paul G. Cassell, Assistant United States Attorney, on brief, for appellee.
 Before MURNAGHAN, CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Gary O. Warren appeals on several grounds his conviction for cocaine distribution. Warren first contends that entrapment had been proven as a matter of law. He further alleges improprieties concerning evidence of the quantities of cocaine involved, a restriction on his right to introduce evidence, and the admission of evidence of his use three years earlier of marijuana. On appeal, Warren introduces the additional contention that the trial judge's failure to apprise defense counsel of a local jury selection procedure impermissibly limited Warren's right to the use of peremptory challenges.
 
 
 2
 Warren concedes that he sold cocaine, but argues that the government entrapped him into the sale. A former member of the military, Warren visited the non-commissioned officers' club at Fort Myers, Virginia. There he met Jacqueline Bunting, a provocatively dressed young lady with whom he struck up an acquaintance. Bunting was there as an undercover agent for the Army's Criminal Investigation Command, which was seeking evidence of drug violations. Warren's story suggests that he had no predisposition to engage in drug trafficking and was finally persuaded to get some drugs for Bunting after her insistent, persistent, repeated requests continued over a substantial period of time. However, the government produced evidence showing that Warren was immediately receptive to the idea of a drug sale, indicating that he was predisposed to sell cocaine, irrespective of whether or not Bunting had initiated discussion of the drug sale.
 
 
 3
 The issues of predisposition on Warren's part and possible inducement on the part of the government were fully explored in the evidence at trial, and the jury returned a verdict of guilty. The evidence, viewed in the light most favorable to the government, was sufficient to satisfy the rule requiring a conviction to be sustained if there was sufficient evidence to permit a rational trier of fact to have found predisposition to exist beyond a reasonable doubt. See United States v. Akinseye, 802 F.2d 740, 744 (4th Cir.1986), cert. denied, 482 U.S. 916 (1987).
 
 
 4
 Warren further contends that the jury instruction about entrapment was fatally flawed because of the district judge's inadvertent misspeaking of "indictment" when "inducement" was intended. However, when the matter was called to his attention, the district judge promptly gave a curative instruction to the jury which was plainly sufficient to eliminate any confusion.
 
 
 5
 Warren alleges error in the admission of a government agent's testimony that someone with no prior drug involvement could not obtain a kilogram of cocaine. Bunting had previously testified that Warren had told her that he could obtain such an amount of cocaine. The admission of the challenged testimony was a proper means of disproving Warren's entrapment defense that he was not predisposed to sell cocaine. Therefore, admission of the testimony was not erroneous.
 
 
 6
 Warren asserts that it was reversible error not to permit him to highlight evidence of Bunting's provocative attire on the night he met her by requiring her to model the black leather pants she wore that night to demonstrate to the jury how she looked. The district judge did permit Warren to enter the pants into evidence, to testify as to Bunting's appearance in the pants, and to cross-examine Bunting about the pants. In addition, of course, the jury was able to assess Bunting's general appearance as she testified. Particularly in light of the peripheral relevance of Bunting's appearance in the pants, the district judge did not abuse his discretion in not requiring Bunting to put them on.
 
 
 7
 Warren alleges error in the admission of evidence that he had used marijuana three years earlier. However, the evidence was admitted as rebuttal to Warren's entrapment defense and to his claim of no prior involvement with drugs. Therefore, the evidence was properly admitted.
 
 
 8
 Finally, Warren alleges error resulting from application of a local Eastern District of Virginia rule requiring parties to exercise their right to strike prospective jurors peremptorily immediately upon provisional placement of those prospective jurors in the jury box. Under the rule, prospective jurors who have survived the first round of peremptory strikes may not be peremptorily stricken in subsequent rounds of peremptory strikes. Warren alleges error not in the rule itself, but in the trial judge's failure to apprise defense counsel of the rule. Although at trial Warren objected to the rule on other grounds, he presents his failure to apprise argument for the first time on appeal.
 
 
 9
 Even if Warren had preserved his objection to the district judge's failure to apprise defense counsel of the rule, his argument would fail. Unlike in United States v. Ricks, 776 F.2d 455, 460-61 (4th Cir.1985), aff'd en banc, 802 F.2d 731, cert. denied, 479 U.S. 1009 (1986), upon which Warren relies, there is no showing that the district judge misled Warren's counsel in any way. The lack of knowledge on the part of Warren's counsel of the rule was regrettable but did not give rise to cause for reversal of his conviction. See Ricks, 776 F.2d at 462 n. 9 (noting in dictum that "absent a local rule of court," judge should apprise defense counsel of jury selection procedure) (emphasis added).
 
 
 10
 The briefs and record in this case having adequately dealt with the issues involved, we have dispensed with oral argument.
 
 
 11
 The judgment is, accordingly,
 
 
 12
 AFFIRMED.